

United States District Court
Southern District of Texas
FILED

MAR 0 9 2004

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

REYNALDO BALBOA-LONGORIA )
)
)
)
v. ) C.A. No. __B-04-046__
)
TOM RIDGE, SECRETARY OF DEPT. OF ) INS A No. 37 724 557
HOMELAND SECURITY, )
and )
JOHN ASHCROFT, ATTORNEY )
GENERAL OF THE UNITED STATES. )

### PETITION FOR WRIT OF HABEAS CORPUS

Reynaldo Balboa-Longoria, Petitioner, files the instant Petition for Writ of Habeas Corpus, and shows as follows:

#### I. JURISDICTION AND VENUE

1. Jurisdiction herein arises under 28 U.S.C. §§2241 (habeas corpus) and 1331 (federal question).

2. The Petitioner Mr. Balboa-Longoria is under an administratively final order of removal (See Exhibit A) which order places significant restrictions on his liberty not shared by the populace at large, including the fact that he cannot travel outside of the United States. *Jones v. Cunningham* 371 U.S. 236, 240(1963). His immigration proceedings were held and concluded at the Harlingen, Cameron County, Texas, Immigration Court.

3. The Respondent Tom Ridge, as head of the Department of Homeland Security maintains his offices in Cameron County, Texas, within the jurisdiction of this court.

#### II. THE PARTIES

4. Petitioner Mr. Balboa-Longoria has been a legal permanent resident for twenty (20) years. He is a year old native and citizen of Mexico who became a legal permanent resident when he was about ten (10) years old. He has a single state court judgment of possession of marijuana on December, 1997, occurring in Kleberg County, Texas, for a criminal act occurring in April, 1997. He was sentenced to seven (7) years community service.

5. Respondent Tom Ridge is the Secretary, Department of Homeland Security, Cameron County, Texas (herein "DHS"). He is sued in his official capacity only.

6. Respondent John Ashcroft is the Attorney General of the United States. He is

also sued in his official capacity only.

### III. THE FACTS

7. Petitioner Mr. Balboa-Longoria was admitted to the United States as a lawful permanent resident (herein "LPR") when he was ten (10) years old, on or about July 21, 1982.

8. On or about December, 1997, he was given community supervision for first time possession of marijuana, for seven (7) year probationary term.

9. Immigration proceedings against Petitioner began on June 2, 1998 charging removability based on a violation of law involving controlled substances. He was not charged with having committed an aggravated felony. He filed his Application for Cancellation of Removal under 8 U.S.C. 1229 B(a) on January 10, 2000. Proceedings were pretermitted on August 19, 2002 (Exhibit B hereto). Mr. Balboa-Longoria appealed.

10. On February 10, 2004, the Board of Immigration Appeals ("BIA" herein) affirmed the decision without opinion. (Exhibit A )

11. Petitioner alleges that except for the administrative proceedings detailed herein, he has sought no court review of the validity of any immigration court order or BIA decision prior to the filing of this instant suit. He has not been deported from the United States.

12. The Petitioner exhausted his administrative remedies without having an opportunity to present his claim for relief under Immigration and Nationality Act, 8 U.S.C. 1229 B(a), cancellation of removal for legal permanent residents. Mr. Balboa-Longoria urges that because he has lived in the United States for many years, because of his many United States citizen and legal permanent resident family members living in the U.S. A,, and because of his single offense only, he should be allowed to prosecute his fee-paid Application for Cancellation of Removal under 8 U.S.C. 1229 B(a) for legal permanent residents.

13. Because Mr. Balboa-Longoria has substantial roots in the United States, has many family members here, it is likely that he would have qualified for cancellation of removal had request for relief been heard on the merits.

14. From the time of Petitioner's criminal conduct and subsequent involvement in immigration courts, from April, 1997 to the Immigration Judged decision in August 2002, several significant legal developments in immigration law impacted this case as follows:

√On March 3, 1999, the BIA decided that *Manrique*, 21 I & N Dec. 58 (BIA 1995) had been superseded by 8 USC Sec. 1101(a)(48)(A). *Matter of Roldan*, Int. Dec. 3377 (BIA 1999).

√Then on May 11, 2001, in *U.S. vs. Hernandez-Avalos*, 251 F. 3rd 505 (5th Cir. 2001), the Fifth Circuit held that felony possession of a controlled substance constituted an aggravated felony and opined that uniformity would be promoted if the interpretation of the sentencing guidelines were applied to immigration cases.

√Finally, in 2002, the Board ruled in *Matter of Yañez*, 23 I&N Dec. 390(BIA 2002) that it will defer to the law of the federal circuit court to determine whether or not a drug trafficking offense is an aggravated felony.

15. Upon information and belief, Petitioner alleges that a significant number of legal permanent residents (herein LPRs) who were otherwise similarly situated, in that they plead guilty to a criminal offense involving simple first time possession of marijuana have either: 1) Received *Manrique* treatment and their proceedings were terminated without further appeal; or 2) filed for and received cancellation of removal.

## IV. THE CAUSE OF ACTION

### HABEAS CORPUS

Petitioner reasserts and incorporates by reference paragraphs 1- 15 herein.

Petitioner Mr. Balboa-Longoria asserts that the removal order violates the laws and Constitution of the United States, which claims are cognizable in habeas corpus under 28 U.S.C. §2241.

1. *Impermissible Retroactive Application of Law*

Petitioner alleges that the law has been applied in such an impermissible retroactive manner to him so that he has been ordered deported on a ground on which he was never even charged. The 2004 BIA decision violated his due process rights and federal law as enunciated in *INS v. St. Cyr*, 533 U.S. 289, 121 S. Ct. 2271, 150L. Ed 2d 347 (2001). Mr. Balboa-Longoria urges that the BIA interpretation of the law constitutes retroactive application of the law to him. At the time of his criminal act, at the time of the conviction, and at the time the Notice to Appear issued (which does not even allege the commission of an aggravated felony as grounds for removal ), under the law of the circuit, the Petitioner was eligible for and has remained eligible for cancellation of removal, except for the unwritten aggravated felony allegation. Not until 2001, approximately four (4) years after his

crime, did a circuit court determine that a similar act constituted an aggravated felony, but in the illegal reentry context. Without any aggravated felony allegation formalized against Petitioner, that has apparently been determined to be the grounds of his removability, although not even any written order, of the BIA or of the Immigration Judge (Exhibits A &/or B), actually reflects the ground of removal.

### 2. *Statutory Construction*
### Aggravated Felony

Mr. Balboa-Longoria urges that the BIA erred as a matter of law in determining that his conviction for simple first-time possession constitutes an aggravated felony, if in fact that was the basis holding 2004 decision affirming the 2002 Immigration Judge decision (because the BIA did so without opinion the basis for its decision is unknown). The NTA does not allege commission of an aggravated felony as the grounds for removal. There is no allegation of or evidence of drug trafficking, use of a weapon or attempted flight, or physical assault to support any aggravating circumstance. The charge, guilty plea and judgment all relate to simple possession. The aggravated felony was never charged or admitted by the Petitioner, but the alleged aggravated felony apparently serves as the basis for the denial of the cancellation of removal application, and as the basis for removability. One guesses that this must be the ground, or the removal hearing would have been scheduled.

### 3. *Equal Protection*
#### i. Differing Results Depending of Federal or State Criminal Prosecution

Petitioner Balboa-Longoria also claims that the BIA's interpretation of the law as applied to this case violates equal protection because the Board interpretation turns on whether the immigrant was brought into state or federal court as to whether the Federal First Offender Act applies.

#### ii. Differing Results in Different Circuit Jurisdictions

Given the national scope of U. S. immigration law, Mr. Balboa-Longoria also asserts that it violates equal protection for the result of his case to hinge solely on

the particular federal circuit in which removal proceedings are held. Had Mr. Balboa-Longoria been in immigration proceedings in the Ninth Circuit, for example, he would not have been subject to removal at all; had the proceedings been begun in the Third or Eleventh Circuits, he would have been eligible to apply for cancellation of removal. Petitioner would further show that other immigrants whose immigration proceedings arose within the Fifth Circuit, and who successfully transferred venue to other immigration courts located in certain other circuit courts have prevailed on their cancellation of removal claims.

### iii Different Results Due to Timing of Proceedings

Mr. Balboa-Longoria would show that the treatment of his case has depended on the timing of law changes and court rulings. The BIA appears to have completely ignored the *St. Cyr*, op.cit. decision of the U.S. Supreme Court of 2001, in its decision. Other varying results were also possible, based on court rulings in other cases, depending upon the date of hearing, date of law changes and date of court rulings. Some of these possibilities include:

| *Timing of Statute/Court Decisions* | *Result* |
|---|---|
| Until 1999 | *Manrique* available |
| Between January, 1999-May 11, 2001 | Cancellation of Removal Hearing |

The entire process of decision-making was so arbitrary, that had the merits hearing scheduled on September 25th, 2000, actually been held, the merits hearing would have gone forward. But because the Immigration Judge was on "unplanned sick leave" on September 25, 2000, and the matter rescheduled for May 30, 2001, the Petitioner was ineligible for relief. The *Hernandez-Avalos, op.* decision preceded the rescheduled hearing by a matter of days.

It violates equal protection for the result of whether Mr. Balboa-Longoria is given an immigration court merits hearing and allowed the possibility of remaining in the United States, or instead is denied a merits hearing and barred from continued lawful permanent resident status, separated from his family and permanently barred from returning to the United States, based solely on the timing of

immigration proceedings.

### 4. Substantive Due Process

Petitioner Mr. Balboa-Longoria further and/or in the alternative asserts that a his deportation would violate a fundamental liberty interest which he has to live and work in the United States and a right to unite with his family within the United States. *Landon vs. Plasencia*, 459 U.S. 21, 34 (1982); *Bridges vs. Wixon*, 326 U.S. 326 U.S. 135, 154(1945). In *Plasencia*, the Court wrote:

> Plasencia's interest here is, without question, a weighty one. She stands to lose the right "to stay and live and work in this land of freedom...Further she may lose the right to rejoin her immediate family, a right that ranks high among the interests of the individual. *Op. cit.* P.34.

As a lawful permanent resident, Mr. Balboa-Longoria enjoys Due Process rights, including substantive Due Process rights.

A violation of the constitutional protection to substantive due process exists when a provision, or a combination of provision, such as exists in this case operate together to create an unjustifiable conclusive presumption which is so broad that it does not meet a compelling state interest. *United States v. Salerno*, 481 U.S. 739, 747 (1987). In the instant case, the 1996 law changes brought by the Antiterrorism and Effective Death Penalty Act of 1996, the Illegal Immigration Reform and Immigrant Responsibility Act, including 8 U.S.C. 1229 B(a) which denied discretionary relief to anyone with an aggravated felony with the statutory and court established overly broad and variable definitions of that term, all create an unconstitutional presumption that all lawful permanent residents who have such a court adjudication should be barred from the United States, even when the state criminal system has determined that it is appropriate as a first time offender with a simple, non-assaultive situation to grant community supervision in a case of possession.

### 5. Procedural Due Process

Petitioner Mr. Balboa-Longoria, additionally and/or in the alternative, urges that the Board's decision deprives him of procedural due process as required

by the U.S. Constitution. *Reno v. Flores* 507 U.S. 292, 306 (1993). The Petitioner asserts an entitlement to "fair notice" of a law change. In Mr. Balboa-Longoria' case, at the time of his criminal conduct, at the time of the state court judgment, and when immigration proceedings began, relief was available. But the delay in hearing the case at the immigration court level, and, then, the impermissible retroactive application of the law results in only removal remaining as an option. This result could not have been contemplated at the time of Mr. Balboa-Longoria's guilty plea or at the time the immigration proceedings were initiated, as shown by the NTA (Exh. C herein) which itself does not charge removability based upon an aggravated felony. The concept of fair notice also applies to the charges against one. The right to know and to defend against charges applies not just to criminal cases but also to civil penalties, such as removal. The U.S. Supreme Court has addressed the impermissible retroactive change in a civil penalty in *BMW vs. Gore*, 517 U.S. 559, 574, (1996). It stated:

> Elementary notice of fairness enshrined in this Court's constitutional jurisprudence dictate that a person receive fair notice not only of the conduct that will subject him to punishment but also of the severity of the penalty that a State may impose.

Because Mr. Balboa-Longoria had no notice of the civil penalty--deportation-- facing him at the time he plead guilty, because the penalty is much harsher than it was at the time of either his criminal conduct and/or the date of the conviction, and because the NTA did not even charge the ground of removal on which Petitioner is ordered removed, the decisions violate procedural due process. Finally, the 2004, decision fails to state the ground(s) on which it is based. Petitioner is without notice of the grounds on which the BIA affirmed the immigration court decision. He cannot properly address the BIA decision. This legal permanent resident in the U.S. from a young age has suffered repeated constitutional law violations since his 1997 guilty plea.

*6. International Law and Treaty Obligations*

As an additional or alternative basis for the granting of the Writ of Habeas Corpus, Petitioner Mr. Balboa-Longoria would show that the BIA decision violates international law and treaty obligations between the United States and Mexico, Mr. Balboa-Longoria' birth place. *Universal Declaration of Human Rights*. Doc.A/811, Part III Articles 13, 15 and 26 (1948).

*7. BIA Decision Violates Due Process and Administrative Procedures*

The BIA decision "affirms, without opinion, the results of the decision below." (Exh. A). Thus, the decision stripping the Petitioner of his long-held legal status consists of two lines. Such an opinion, without more, violates the due process and the administrative procedure rights of Mr. Balboa-Longoria. This procedure interferes with Mr. Balboa-Longoria' right to a reasoned decision and it also fails to provide this Honorable Court with any basis for the BIA decision which this Court might review. This Honorable Court cannot determine whether the agency abided by its own regulations in rendering its decision, or on what basis it affirmed the Immigration Court decision. In addition, Mr. Balboa-Longoria would show that he raised new arguments with the BIA which were not argued before the Immigration Judge; because of the nature and manner of the BIA Decision, Petitioner urges that this Honorable Court cannot evaluate the legality of the BIA review, of the decision of the court below as well as of the new arguments raised by the Petitioner on appeal. Because of the failure of the BIA to render a reviewable decision, the Writ should issue.

*8. Deprivation of Property Interest*

Mr. Balboa-Longoria, in addition or in the alternative, asserts a fundamental property interest based upon his payment of and the INS acceptance of One Hundred Dollars ($100) as the filing fee to the Immigration and Naturalization Service District Office in Harlingen, TEXAS, in connection with his Application for Cancellation of Removal. The 2004 BIA decision (Exhibit A) denies an immigration merits hearing on a fee-paid application made when he had no

aggravated felony charge on the NTA nor a conviction for same under immigration law at the time of the filing of the application, and so was statutorily eligible for the requested relief, cancellation of removal for over one (1) year after its filing.

## V. PRAYER

Wherefore, the Petitioner pays that this Court grant the following:

1) Assume jurisdiction over this matter;

2) Stay any removal of Petitioner;

3) Declare the BIA Decision void and unlawful and set it aside;

4) Order that Petitioner's immigration case be reopened and that Petitioner be granted a cancellation of removal hearing on the merits;

5) Order that Petitioner's legal permanent residency card be returned to him; and

6) Grant any other relief which this Court deems just and proper.

Respectfully Submitted,

_____
Paula S. Waddle, Attorney in Charge
South Texas Immigration Council
107 N. 3rd
Harlingen, TX 78550
(956) 425-6987
(956) 425-7434(fax)
State Bar No 26030400
Fed. I.D. No. 5674

## VERIFICATION

I, Paula S. Waddle, hereby certify that I am familiar with the removal case of the named Petitioner, and that the facts as stated with respect thereto are true and correct to the best of my knowledge and belief.

_____
Paula S. Waddle
March 8, 2004

## CERTIFICATE OF SERVICE

I, Paula S. Waddle, hereby certify that a copy of the foregoing was mailed certified mail, return receipt requested to Mr. Steve Schemmel, AUSA, 1701 W. Highway 83, Suite 600, TCB-Bentsen Tower, at McAllen, Texas 78501, on the 9th day of March, 2004.

Paula S. Waddle

| U.S. Department of Justice | Decision of the Board of Immigration Appeals |
|---|---|
| Executive Office for Immigration Review | |

Falls Church, Virginia 22041

File: A37-724-557 - HARLINGEN                     Date:

FEB 1 0 2004

In re: BALBOA-LONGORIA, REYNALDO

IN REMOVAL PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT: Waddle, Paula S.

ON BEHALF OF DHS: Lessa N. Whatmough, Assistant District Counsel


ORDER:

PER CURIAM. The Board affirms, without opinion, the results of the decision below. The decision below is, therefore, the final agency determination. *See* 8 C.F.R. § 1003.1(e)(4).

_____
FOR THE BOARD


EXHIBIT A

```
                    IMMIGRATION COURT
                  201 E. JACKSON STREET
                   HARLINGEN, TX  78550
```

In the Matter of

                                   Case No.: A37-724-557

BALBOA-LONGORIA, REYNALDO
    Respondent                      IN REMOVAL PROCEEDINGS

              ORDER OF THE IMMIGRATION JUDGE

This is a summary of the oral decision entered on Aug 19, 2002.
This memorandum is solely for the convenience of the parties. If the
proceedings should be appealed or reopened, the oral decision will become
the official opinion in the case.

[ ]   The respondent was ordered removed from the United States to
     MEXICO ~~or in the alternative to~~

[ ]   Respondent's application for voluntary departure was denied and
     respondent was ordered removed to MEXICO or in the
     alternative to

[ ]   Respondent's application for voluntary departure was granted until
        upon posting a bond in the amount of $ _____
     with an alternate order of removal to MEXICO.

[ ]   Respondent's application for asylum was ( )granted ( )denied
     ( )withdrawn.

[ ]   Respondent's application for withholding of removal was ( )granted
     ( )denied ( )withdrawn.

[ ]   Respondent's application for cancellation of removal under section
     240A(a) was ( )granted ( )denied ( )withdrawn.

[ ]   Respondent's application for cancellation of removal was ( ) granted
     under section 240A(b)(1)   ( ) granted under section 240A(b)(2)
     ( ) denied ( ) withdrawn. If granted, it was ordered that the
     respondent be issued all appropriate documents necessary to give
     effect to this order.

[ ]   Respondent's application for a waiver under section _____ of the INA was
     ( )granted ( )denied ( )withdrawn or ( )other.

[ ]   Respondent's application for adjustment of status under section _____
     of the INA was ( )granted ( )denied ( )withdrawn. If granted, it
     was ordered that respondent be issued all appropriate documents necessary
     to give effect to this order.

[ ]   Respondent's status was rescinded under section 246.

[ ]   Respondent is admitted to the United States as a _____ until _____.

[ ]   As a condition of admission, respondent is to post a $ _____ bond.

[ ]   Respondent knowingly filed a frivolous asylum application after proper
     notice.

[ ]   Respondent was advised of the limitation on discretionary relief for
     failure to appear as ordered in the Immigration Judge's oral decision.

[ ]   Proceedings were terminated.

[ ]   Other: _____

     Date: Aug 19, 2002
     Appeal: Waived/(Reserved)   Appeal Due By: Sep 18, 2002

                                                  MARGARET BURKHART
                                                  Immigration Judge

CIP



EXHIBIT B

U.S. Department of Justice
Immigration and Naturalization Service

Notice to Appear

In removal proceedings under section 240 of the Immigration and Nationality Act

File No: A37 724 557

In the Matter of:

Respondent:   Reynaldo BALBOA Longoria

| 211 South River | Commerce | Oklahoma | 74339 | 918-675-3011 |
|---|---|---|---|---|
| (Number, street, city, state and ZIP code) | | | | (Area code and phone number) |

[ ] 1. You are an arriving alien.
[ ] 2. You are an alien present in the United States who has not been admitted or paroled.
[ ] 3. You have been admitted to the United States, but are deportable for the reasons below.

The Service alleges that you:

[X] 1. You are not a citizen or national of the United States
[X] 2. You are a native of ___Mexico___ and citizen of ___Mexico___ ;
[X] 3. You were admitted to the United States at ___Brownsville, Texas___ on or about ___July 21, 1982___ as an ___Immigrant___ ;
[X] 4. You were on December 1, 1997 convicted in the 105th Judicial District Court of Texas at Kingsville, Texas for the offense of POSSESSION OF MARIJUANA.

On the basis of the foregoing, it is charged that you are subject to removal from the United states pursuant to the following provision(s) of law:

Section 237(a)(2)(B)(i) of the Immigration and Nationality Act, as amended, in that, at any time after admission, you have been convicted of a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in Section 102 of the Controlled Substances Act, 21 U.S.C. 802), other than a single offense involving possession for one's own use of 30 grams or less of marijuana.

[ ] This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution.

[ ] Section 235(b)(1) order was vacated pursuant to:   [ ] 8 CFR 208.30(f)(2)   [ ] 8 CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at:

01 East Jackson Street, Harlingen, Tx. 78550
(Complete Address of Immigration Court, Including Room Number, if any)

on ___June 02, 1998___ at ___9:00 AM___ to show why you should not be removed from the United States based on the charge(s) set forth above.
   (Date)           (Time)

EXHIBIT C

Roy Chavez
Acting Patrol Agent In Charge
(Signature and Title of Issuing Officer)

Date: ___December 13, 1997___

Kingsville, Texas
(City and State)

See reverse for important information

## See Reverse for important information

**Warning:** Any statement you make may be used against you in removal proceedings.

**Alien Registration:** This copy of the Notice to Appear served upon you is evidence of your alien registration while you are under removal proceedings. You are required to carry it with you at all times.

**Representation:** If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to 8 CFR 3.16. Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice, to allow you sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this notice.

**Conduct of the hearing:** At the time of your hearing, you should bring with you any affidavits or other documents which you desire to have considered in connection with your case. If any document is in a foreign language, you must bring the original and a certified English translation of the document. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing.

At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the Notice to Appear and that you are inadmissible or deportable on the charges contained in the Notice to Appear. You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government.

You will be advised by the immigration judge before whom you appear, of any relief from removal for which you may appear eligible including the privilege of departing voluntarily. You will be given a reasonable opportunity to make any such application to the immigration judge.

**Failure to appear:** You are required to provide the INS, in writing, with your full mailing address and telephone number. You must notify the Immigration Court immediately by using Form EOIR-33 whenever you change your address or telephone number during course of this proceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. If [you d]o not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the [gov]ernment shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the INS.

### Request for Prompt Hearing

To expedite a determination in my case, I request an immediate hearing. I waive my right to have a 10-day period prior to appearing before an immigration judge.

Before: _____   _____
                                                                     (Signature of Respondent)

_____                                Date: _____
(Signature and Title of INS Officer)

### Certificate of Service

This Notice to Appear was served on the respondent by me on __December 13, 1997__, in the following manner and in compliance with section 239(a)(1)(F) of the Act:

[ ] in person   [X] by certified mail, return receipt requested   [ ] by regular mail   [ ] _____
                      P 267 563 811

[X] Attached is a list of organizations and attorneys which provide free legal services.

[ ] The alien was provided oral notice in the _____Spanish_____ language of the time and place of his or her hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.

_____           Ricardo A. Lopez        Senior Patrol Agent
(Signature of Respondent if Personally Served)         (Signature and Title of Officer)

Rt. Index Print